UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CR-00151-FDW-DCK

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| SHAMEL MALIK DOVE, | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's Objection to the Magistrate Judge's Memorandum and Recommendation ("M&R"). (Doc. No. 42.) Defendant seeks review of the Magistrate Judge's M&R regarding Defendant's Motion to Suppress Evidence. (Doc. No. 25). The Court reviewed the docket, both parties' filings, and the transcript of the hearing, which includes both parties' evidence and arguments. For the reasons set forth below, the M&R is **AFFIRMED and ADOPTED**, Defendant's Objection is **OVERRULED**, and Defendant's Motion to Suppress is **DENIED**.

**I. BACKGROUND**

On June 21, 2023, Defendant was indicted on three charges: possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and possession of a firearm in furtherance of drug trafficking, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1)(A)(i). (Doc. No. 1.) On May 21, 2024, Defendant filed his Motion to Suppress and memorandum in support. (Doc. No. 25.) Defendant seeks to suppress evidence found during a May 8, 2023, motor vehicle search ("the search"). (Id., p. 1.) Defendant claims: 1) he "had a privacy interest" in his belongings; 2) because he "was arrested and secured far away from the location of the vehicle when the search

1

was conducted, the search of the vehicle was not a valid search incident to arrest[;]" and 3) "[t]he search of the vehicle does not satisfy the automobile exception to the requirement of a search warrant because police did not have probable cause to believe that the vehicle contained contraband or evidence of the crime for which [Defendant] was arrested – possession of a firearm by a felon." (Id., pp. 8–9.) Defendant argues "the criminal activity being investigated . . . was the firearm found on [Defendant's] person. There are no facts that establish a nexus between that activity and the vehicle parked far away from [Defendant] to merit a search of that vehicle." (Id., p. 10.)

On May 28, 2024, the Government filed its response. (Doc. No. 29.) The Government argues Defendant "lacks standing to challenge any search of the vehicle [because he] had no reasonable expectation of privacy in the [vehicle] or its contents as he was no more than one of the [motor vehicle's] recent passengers." (Id., p. 1.) The Government argues the facts here are "directly analogous" to United States v. Smith, 21 F.4th 122 (4th Cir. 2021), and the Fourth Circuit's explanation that "a one-time passenger who has left a vehicle has a lesser privacy interest than even a passenger" applies here. (Id., pp. 3–4.) The Government claims since Defendant "makes no showing that he had a reasonable expectation of privacy in the vehicle or its contents" his "rights under the Fourth Amendment are not implicated by any search of the vehicle." (Id., p. 4.) The Government also argues the police would have discovered the items found in the search. (Id., pp. 4–5.)

On June 27, 2024, the Magistrate Judge held an evidentiary hearing, and on July 12, 2024, the Magistrate Judge issued the M&R denying Defendant's Motion. (Doc. No. 40.) The Magistrate Judge concluded Defendant has no standing to challenge the search. (Id., p. 17.) The Magistrate

2

Judge also "decline[d] to reach the questions of probable cause and inevitable discovery" because Defendant did not show he had a reasonable expectation of privacy in the vehicle. (Id.)

Defendant timely filed his Objection to the M&R. (Doc. No. 42.) The Government did not file a response.

## II. STANDARD OF REVIEW

A district court may refer a motion to suppress to a magistrate judge for a recommendation pursuant to Federal Rule of Criminal Procedure 59(b)(1). A party may file written objections to a magistrate judge's memorandum and recommendation within fourteen days of being served with a copy. 28 U.S.C. § 636(b)(1)(C). "'Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.'" Morgan v. N.C. Dep't of Health and Human Servs., 421 F. Supp. 2d 890, 893 (W.D.N.C. 2006) (emphasis in original) (quoting Thomas v. Westinghouse Savannah River Co., 21 F. Supp. 2d 551, 560 (D.S.C. 1997)). Parties "must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007), cert. denied, 551 U.S. 1157 (2007). Objections which "merely express disagreement with the magistrate's Report and Recommendation . . . in lieu of any actual argument or specific assertion of error" do not sufficiently direct a court to a specific error. Lowdermilk v. LaManna, No. 8:07-2944-GRA, 2009 WL 2601470, at *2 (D.S.C. Aug. 21, 2009). "Frivolous, conclusive or general objections need not be considered by the district court." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A general objection, or one that merely restates the argument previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

3

A reviewing court must take a deferential standard regarding the credibility of witnesses where the magistrate judge sits as a trier of fact. See McNairn v. Sullivan, 929 F.2d 974, 977 n.3 (4th Cir. 1991); United States v. MacConnell, No. 3:10-CR-9-FDW-DCK, 2010 WL 3399166, at *2 (W.D.N.C. 2010). Some courts have explicitly adopted a deferential standard of review for credibility determinations when the magistrate judge heard the live testimony and observed the demeanor of the witnesses. See, e.g., United States v. Gibbs, 421 F.3d 352, 357 (5th Cir. 2005) ("In [making a de novo determination], the district court need not re-hear testimony from the suppression hearing; its deference to the magistrate's credibility determinations is appropriate when they are supported by the record.").

"Absent a specific, proper, and timely filed objection, the Court reviews only for 'clear error,' and need not give any explanation for adopting the M&R." United States v. Brooks, 599 F. Supp. 3d 337, 340 (W.D.N.C. 2022); see also Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). If proper objections are made, a district court will review the objections under a *de novo* standard. 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III. ANALYSIS

A. Findings of Fact

At the outset, the Court notes Defendant's objection to the Magistrate Judge's factual summary appears to largely be copied and pasted from his initial Motion to Suppress. Compare (Doc. No. 25) with (Doc. No. 42). As such, it is difficult for this Court to glean the specific factual findings of the M&R Defendant objects to. Additionally, the Court notes Defendant lists facts he

4

wants included in the factual summary, but he does not provide a specific basis or explanation for doing so.

The Magistrate Judge entered a proposed factual summary. (Doc. No. 40, pp. 2–11.) Defendant disputes the Magistrate Judge's "failure to find" certain facts. (Doc. No. 42, p. 2.) Defendant claims "[i]t is not clear to the defense whether the [M&R] made findings of fact or simply recounted what witnesses said at the hearing." (Id.) Defendant then lists 63 facts he alleges the Magistrate Judge should have included in the factual summary. (Id., pp. 2–9.) However, Defendant provides no further explanation or argument. Further, upon review, several of the facts Defendant claims are missing from the M&R are included in it. Specifically, facts (1), (3), (6), (14)–(15), (20), (22)–(23), (26), (28)–(30), (32), (39), (41)–(43), (45), and (47)–(48) are all in the M&R. While Defendant may disagree with the Magistrate Judge's organization and recitation of the facts, Defendant does not specifically identify which aspects of the Magistrate Judge's factual summary are erroneous and he provides no basis for this objection. Therefore, Defendant's objection to the factual summary are not objections as defined in this context, and clear error is the appropriate standard for review. The Court finds no clear error in the Magistrate Judge's "Factual Background" section. Accordingly, Defendant's objection to the M&R on these points are **OVERRULED** and the Court adopts and incorporates by reference the M&R's "Factual Summary" section. (Doc. No. 40, pp. 2–11.)

Defendant also objects to two "findings of fact in the Discussion section of the [M&R]." (Doc. No. 42, p. 9–10.) While Defendant provides more context and argument here, his objection appears to once again simply be with how the Magistrate Judge phrased the M&R. (Id.) Nevertheless, the Court reviews this *de novo*.

5

The Court begins with (64): Defendant "had walked across the street to a restaurant[.]" (Doc. No. 40, p. 15; Doc. No. 42, p. 9.) Defendant argues the "detectives who testified at the hearing all testified that the arrest occurred around 100 yards away from the vehicle. The body-worn camera footage showed that to reach the patio of the restaurant from the parking lot where the vehicle was parked, one would have to cross a busy street and then walk around the corner to a separate street." (Doc. No. 42, p. 9.) Defendant provides no further explanation for this objection.

In reviewing Defendant's Motion, Defendant writes "Ms. Sellers parked in the lot behind the Starbucks . . . ." (Doc. No. 25, p. 3.) Defendant continues, explaining "Ms. Sellers, Mr. Steele, [Defendant] and the Fourth Man then walked approximately 70 yards from the parking lot to the entrance of Red @ 28th . . . ." (Id., p. 4.) Defendant also includes a screenshot of a map, which shows the Starbucks parking lot on the right side of Scott Avenue and the restaurant on the left side of Scott Avenue. (Id., p. 3.) At the hearing, Detective Hinton guessed the vehicle was parked about 100 yards from the restaurant and Detective Cameron testified there are multiple ways to reach the restaurant from the parking lot, including by crossing Scott Avenue.

Upon *de novo* review, this Court finds Defendant exited the parked vehicle in the Starbucks parking lot, crossed Scott Avenue, and entered the restaurant. Accordingly, Defendant's objection to the M&R on this point is **OVERRULED**.

The Court next considers (65): Defendant "had voluntarily exited the [vehicle] over twenty minutes prior to the search." (Doc. No. 40, pp. 16–17; Doc. No. 42, p. 9.) Defendant argues "[t]he evidence demonstrates that approximately 53 minutes – not twenty minutes – passed from when [Defendant] exited the [vehicle] to when he was arrested." (Doc. No. 42, p. 9.) Defendant claims "[i]t is reasonably inferred that Det. Cameron would not have gone to get an arrest warrant for [Defendant] until officers had confirmed his location in the parking lot . . . [t]hus, approximately

6

53 minutes passed between when [Defendant] was located by officers in the parking lot . . . ." (Id.) Defendant writes "[t]his twenty-minute estimate would not include the time it took for [Defendant] to exit the vehicle, walk to the restaurant, spend time inside the restaurant during which officers lost sight of him, and then come onto the patio where he was ultimately arrested." (Doc. No. 42, p. 10.)

To start, the Court highlights that the Magistrate Judge wrote "**over twenty minutes**[,]" (Doc. No. 40, pp. 16–17), not twenty minutes as Defendant seems to argue, (Doc. No. 42, pp. 9–10). Also, in reviewing the hearing transcript, the Court notes witnesses could not remember the exact timing of when Defendant exited the vehicle, arrived at the restaurant, and was arrested. For example, Detective Cameron estimated around 20 minutes passed from when Defendant exited the vehicle and was arrested, while Detective Wallace estimated 15 to 20 minutes elapsed between when he saw Defendant leave the vehicle and the arrest. Additionally, Detective Hinton testified he did not know exactly when Defendant was arrested, and further explained the specific time written in the arrest report might not be accurate depending on how the arrest went. Upon *de novo* review, this Court finds Defendant exited the parked vehicle over twenty minutes prior to the search. Therefore, Defendant's objection to the M&R on this point is **OVERRULED**.

### B. Conclusions of Law

Turning to Defendant's objection to the conclusions of law, Defendant objects to the M&R's determination that Defendant lacks standing. (Doc. No. 42, pp. 10–12.) Defendant also objects to the Magistrate Judge declining to consider the questions of probable cause and inevitable discovery, based on the finding Defendant failed to meet his burden of demonstrating a reasonable expectation of privacy in the vehicle. (Id., pp. 12–15.)

"The concept of standing in Fourth Amendment cases can be a useful shorthand for capturing the idea that a person must have a cognizable Fourth Amendment interest in the place searched before seeking relief for an unconstitutional search . . . ." Byrd v. United States, 584 U.S. 395, 410 (2018). "[T]he threshold question in every suppression case is 'the existence of a reasonable expectation of privacy in the area searched.'" United States v. Bellina, 665 F.2d 1335, 1339 (4th Cir. 1981) (citing United States v. Ramapuram, 632 F.2d 1149, 1154 (4th Cir. 1980)). "'Fourth Amendment rights are personal rights which . . . may not be vicariously asserted.'" Rakas v. Illinois, 439 U.S. 128, 133–34 (1978) (citing Alderman v. United States, 394 U.S. 165, 174 (1969)). "[I]f the individual seeking to challenge a search does not have a legitimate expectation of privacy in the property or place being searched, the individual lacks 'standing' and the inquiry ends without consideration of the merits of the search claim." United States v. Ferebee, 957 F.3d 406, 412 (4th Cir. 2020). "In order to demonstrate a legitimate expectation of privacy, [a defendant] 'must have a subjective expectation of privacy, and . . . that subjective expectation must be reasonable.'" United States v. Bynum, 604 F.3d 161, 164 (4th Cir. 2010) (citing United States v. Kitchens, 114 F.3d 29, 31 (4th Cir. 1997)).

In Smith, the Fourt Circuit held a defendant, who was a recent passenger in a car, lacked standing and his motion to suppress was properly denied on that basis. Smith, 21 F.4th at 133. Police found two handguns and a bag of heroin in a motor vehicle, and the defendant filed a motion to suppress the evidence, arguing in part that the search violated his reasonable expectation of privacy. Id. at 128–29. The district court denied the motion, finding the defendant "lacked standing to raise a Fourth Amendment challenge." Id. at 129. On appeal, the defendant raised several arguments, including that "he can challenge the search because he had a legitimate expectation of privacy in the [car] . . . ." Id.

The Fourth Circuit described the defendant in Smith as "merely an invited guest," and explained "[m]erely being in a car with the permission of its owner does not confer a legitimate expectation of privacy." Id. at 130. The Fourth Circuit "has recognized that both bystanders and recent passengers have lesser privacy interests than passengers." Id. at 131. Courts can consider certain factors when deciding whether a defendant has an expectation of privacy in a vehicle, such as whether the defendant left personal belongings, like a cellphone, behind, whether a defendant previously used the vehicle, whether the defendant had a key, and whether the defendant regularly stored items in the vehicle. Id. at 129, 131. Importantly though, "[w]hen someone leaves personal belongings behind in another's car, he assumes the risk that the car's owner will consent to a search of the car or that the car's contents will consent to a search of the car or that the car's contents will come into plain view of the police." Id. at 130.

In Smith, the Fourth Circuit concluded that although the defendant argued he intended to return to the car, "subjective intentions are not sufficient to establish a legitimate expectation of privacy . . . [o]therwise, defendants could create impenetrable zones of privacy based solely on their say-so." Id. The Fourth Circuit also held because the defendant "lacks standing" it did not "need to pass on the merits of his Fourth Amendment claim." Id. at 129.

Upon *de novo* review, the Court finds Defendant did not have a reasonable expectation of privacy in the vehicle and lacks standing. To start, Defendant was only an invited guest and a recent passenger in the vehicle, and therefore has a lesser privacy interest. Also, in considering the factors laid out in Smith, Defendant does not have a reasonable expectation of privacy sufficient for standing. Defendant did not have the keys to the vehicle, (Doc. No. 25, p. 6), and there is no evidence that Defendant regularly stored his personal belongings in the vehicle.

9

Notably, Defendant seeks to add one new fact through his objection. Defendant argues he "agreed to join the [birthday] celebration, and Mr. Steele told [Defendant] that they would give him a ride to **and from the celebration**." (Doc. No. 42, p. 2) (emphasis added). Defendant argues "[i]t was [Defendant's] intention to return to the vehicle, along with the totality of the circumstances of Mr. Steele inviting him to celebrate his birthday with him and offering him a ride to and from the restaurant, that establishes [Defendant] had a reasonable expectation of privacy in the vehicle searched and standing to challenge the search." (Id., p. 12.) However, the Court cannot find evidence of Defendant's intent to return to the vehicle in Defendant's Motion to Suppress or in his brief in support. (Doc. No. 25.) The Court also cannot find evidence of Defendant's intent to return to the vehicle in the evidentiary hearing transcript. Defendant's counsel seemingly attempted to elicit this fact at the hearing through Mr. Steele's testimony, but Mr. Steele declined to answer and invoked his Fifth Amendment privileges. Defendant's counsel's arguments are generally not considered evidence. See Bowman v. Johnson, No. 3:08cv449, 2011 WL 1167320, at *8 (E.D. Va. Mar. 24, 2011) ("Of course, the unsworn statements in . . . [a party's] brief generally do not constitute admissible evidence."). As such, Defendant's argument that he had standing, (Doc. No. 42, pp. 11–12), is unpersuasive.

For these reasons, upon *de novo* review, the Court finds Defendant lacks standing to challenge the search of the vehicle. Since Defendant lacks standing, this Court does not need to decide the merits of his Fourth Amendment claim. Therefore, Defendant's objection to the M&R on this point is **OVERRULED**.

To the extent Defendant attempts to also assert a Motion to Suppress and/or a Motion in Limine to exclude evidence seized through the state court warrants, (Doc. No. 42, pp. 7–8), the

Court denies those without prejudice to reassert such argument in a separate motion prior to or at trial.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that for the foregoing reasons, the Magistrate Judge's M&R, (Doc. No. 40), is **AFFIRMED and ADOPTED**, Defendant's Objection to the M&R, (Doc. No. 42), is **OVERRULED**, and Defendant's Motion to Suppress, (Doc. No. 25), is **DENIED**.

**IT IS SO ORDERED**.

Signed: October 17, 2024

Frank D. Whitney
United States District Judge