IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

UNITED STATES OF AMERICA,

v.  Criminal Action No. 3:23-cr-151

SHAMEL MALIK DOVE,
         Defendant.

## OPINION

On June 21, 2023, a grand jury returned a three-count indictment against the defendant, Shamel Malik Dove. The indictment charged Dove with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count One); one count of possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B) (Count Two); and possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three). (ECF No. 1.) Following a one-day trial on November 3, 2025, a jury convicted Dove on all three counts. (ECF No. 106.) Dove now moves for judgment of acquittal on Count Three, arguing that the government failed to prove that Dove possessed a firearm in furtherance of drug trafficking. (ECF No. 111.)

After considering the facts adduced at trial, the Court finds that, as a matter of law, the government provided sufficient evidence to sustain a conviction under 18 U.S.C. § 924(c). Accordingly, the Court denies Dove's motion for acquittal.

## I. BACKGROUND

On May 8, 2023, a Charlotte Mecklenburg Police Department ("CMPD") officer observed Dove standing outside an open passenger door of a silver Ford Explorer. The officer then watched Dove walk to a nearby restaurant and, pursuant to a valid arrest warrant relating to a separate investigation, attempted to arrest Dove on the patio of the restaurant with the assistance of other

officers. Dove attempted to flee the restaurant patio, but two of the officers quickly captured him, placed him in handcuffs, and searched him incident to his arrest. During the search, the officers found a firearm stashed in Dove's pants. After detectives secured the patio, the two officers located the silver Ford Explorer, and found a bag of blue pills on the passenger seat immediately inside the door where Dove had been standing. Testing later revealed that the pills contained ninety-eight grams of fentanyl.

At trial, the government presented expert testimony from Detective Hinton of CMPD. Hinton testified that, having participated in over 1,000 drug and firearm arrests, the amount of fentanyl recovered from the Ford Explorer passenger seat significantly exceeded the amount an ordinary user would carry. Hinton further testified that drug dealers almost always carry firearms on their persons when selling or transporting drugs. The government also introduced video evidence of CMPD officers interrogating Dove after his arrest, during which Dove admitted to purchasing the bag of fentanyl pills and that he made a living dealing drugs.

After the government finished presenting its evidence, Dove moved for a judgment of acquittal as to Counts Two and Three, pursuant to Federal Rule of Criminal Procedure 29(a). With respect to Count Three, Dove argued that CMPD officers did not directly observe Dove *inside* the silver Ford Explorer (only outside the passenger door), and that Detective Hinton's expert testimony failed to support a conviction. The Court denied Dove's motion, and the jury found Dove guilty on all three counts. On November 17, 2025, Dove renewed his motion for acquittal as to Count Three, pursuant to Federal Rule of Criminal Procedure 29(c). Dove's renewed motion raises the same arguments as his original Rule 29 motion made at trial as to Count Three. (ECF No. 111.)

## II. **DISCUSSION**[1]

To prove that Dove violated 18 U.S.C. § 924(c)(1), "the government needed to establish that Dove (1) committed a drug trafficking offense and (2) possessed a firearm (3) in furtherance of that drug offense." *United States v. Moody*, 2 F.4th 180, 192 (4th Cir. 2021). A jury convicted Dove of a drug trafficking offense and possessing a firearm, thus satisfying the first two elements of § 924(c)(1).

The third element "is ultimately a factual" question, and "the fact finder is free to consider the numerous ways in which a firearm might further or advance drug trafficking." *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002). A jury may infer that a defendant acted "in furtherance" of a drug offense based on "the type of drug offense, the type of firearm, its proximity to drugs and drug profits, its accessibility, whether the firearm is illegally possessed, whether the firearm is stolen, whether the firearm is loaded, and the general circumstances surrounding the possession." *See Moody*, 2. F.4th at 192. The Fourth Circuit has recognized that "carrying a firearm during a drug trafficking crime will always seem to constitute possession in furtherance

---

[1] Under Federal Rule of Criminal Procedure 29, after a jury returns a guilty verdict, "the court may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c)(2). Acquittal is proper under Rule 29 if "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "A judgment of acquittal based on the insufficiency of evidence is a ruling by the court that as a matter of law the government's evidence is insufficient 'to establish factual guilt' on the charges in the indictment." *United States v. Alvarez*, 351 F.3d 126, 129 (4th Cir. 2003) (quoting *Smalls v. Pennsylvania*, 476 U.S. 140, 144 (1986)).

In considering the motion, a court must determine "whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." *United States v. MacCloskey*, 682 F.2d 468, 473 (4th Cir. 1982). Courts must consider (1) the elements of the offense charged and (2) the factual sufficiency of the evidence. *United States v. Alerre*, 430 F.3d 681, 692 n.13 (4th Cir. 2005).

3

because carrying a firearm always serves to protect the holder." *Lomax*, 218 F.3d at 413 (internal citations omitted).

Here, Dove admitted to possessing one thousand fentanyl pills disguised as oxycodone at the time of his arrest, and to earning a living by selling drugs. Like many other drug traffickers, Dove carried a handgun, which police found in his pants at the time of his arrest. The firearm was loaded, and Dove unlawfully possessed the firearm. The evidence, therefore, heavily favors a conviction under 18 U.S.C. § 924(c)(1).

Dove argues that the government failed to demonstrate a nexus between Dove's drug trafficking and firearm possession, and that the mere presence of a firearm during his arrest does not establish that he possessed the firearm "in furtherance" of drug trafficking. (ECF No. 111, at 4.) He cites *United States v. Elswick*, 306 Fed. App'x 8 (4th Cir. 2008), to argue that the police must actively observe a drug trafficking offense, and that the police in this case never saw him inside the Ford Explorer. *Elswick*, however, emphasized that the defendant did not act "in furtherance" because "[n]one of the government's witnesses could place [the defendant], the gun, and the drugs in the same chain of events." *Id.* at 14. But a chain of events exists in this case: police saw Dove standing immediately outside the door of a Ford Explorer with several other individuals, saw them all walk over to the restaurant together, arrested Dove minutes later with a loaded firearm on his person, then found a large quantity of drugs (which Dove later admitted to owning) during a subsequent search of the vehicle. Accordingly, sufficient evidence existed for a jury to convict Dove of possessing a firearm in furtherance of drug trafficking.

4

## III. CONCLUSION

The Court finds that, as a matter of law, the government presented sufficient evidence for the jury to convict Dove on Count Three. Accordingly, the Court will deny Dove's motion for acquittal.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 25 November 2025
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge

5

Case 3:23-cr-00151-JAG-DCK    Document 113    Filed 11/25/25    Page 5 of 11

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

UNITED STATES OF AMERICA,

v.  Criminal Action No. 3:23-cr-151

SHAMEL MALIK DOVE,
        Defendant.

## ORDER

This matter comes before the Court on the defendant's renewed motion for a judgment of acquittal. (ECF No. 111.) For the reasons stated in the accompanying Opinion, the Court DENIES the motion.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: 25 November 2025
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

UNITED STATES OF AMERICA,

v.  Criminal Action No. 3:23-cr-151

SHAMEL MALIK DOVE,
          Defendant.

## OPINION

On June 21, 2023, a grand jury returned a three-count indictment against the defendant, Shamel Malik Dove. The indictment charged Dove with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count One); one count of possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B) (Count Two); and possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three). (ECF No. 1.) Following a one-day trial on November 3, 2025, a jury convicted Dove on all three counts. (ECF No. 106.) Dove now moves for judgment of acquittal on Count Three, arguing that the government failed to prove that Dove possessed a firearm in furtherance of drug trafficking. (ECF No. 111.)

After considering the facts adduced at trial, the Court finds that, as a matter of law, the government provided sufficient evidence to sustain a conviction under 18 U.S.C. § 924(c). Accordingly, the Court denies Dove's motion for acquittal.

## I. BACKGROUND

On May 8, 2023, a Charlotte Mecklenburg Police Department ("CMPD") officer observed Dove standing outside an open passenger door of a silver Ford Explorer. The officer then watched Dove walk to a nearby restaurant and, pursuant to a valid arrest warrant relating to a separate investigation, attempted to arrest Dove on the patio of the restaurant with the assistance of other

officers. Dove attempted to flee the restaurant patio, but two of the officers quickly captured him, placed him in handcuffs, and searched him incident to his arrest. During the search, the officers found a firearm stashed in Dove's pants. After detectives secured the patio, the two officers located the silver Ford Explorer, and found a bag of blue pills on the passenger seat immediately inside the door where Dove had been standing. Testing later revealed that the pills contained ninety-eight grams of fentanyl.

At trial, the government presented expert testimony from Detective Hinton of CMPD. Hinton testified that, having participated in over 1,000 drug and firearm arrests, the amount of fentanyl recovered from the Ford Explorer passenger seat significantly exceeded the amount an ordinary user would carry. Hinton further testified that drug dealers almost always carry firearms on their persons when selling or transporting drugs. The government also introduced video evidence of CMPD officers interrogating Dove after his arrest, during which Dove admitted to purchasing the bag of fentanyl pills and that he made a living dealing drugs.

After the government finished presenting its evidence, Dove moved for a judgment of acquittal as to Counts Two and Three, pursuant to Federal Rule of Criminal Procedure 29(a). With respect to Count Three, Dove argued that CMPD officers did not directly observe Dove *inside* the silver Ford Explorer (only outside the passenger door), and that Detective Hinton's expert testimony failed to support a conviction. The Court denied Dove's motion, and the jury found Dove guilty on all three counts. On November 17, 2025, Dove renewed his motion for acquittal as to Count Three, pursuant to Federal Rule of Criminal Procedure 29(c). Dove's renewed motion raises the same arguments as his original Rule 29 motion made at trial as to Count Three. (ECF No. 111.)

2

Case 3:23-cr-00151-JAG-DCK    Document 113    Filed 11/25/25    Page 8 of 11

## II. DISCUSSION[1]

To prove that Dove violated 18 U.S.C. § 924(c)(1), "the government needed to establish that Dove (1) committed a drug trafficking offense and (2) possessed a firearm (3) in furtherance of that drug offense." *United States v. Moody*, 2 F.4th 180, 192 (4th Cir. 2021). A jury convicted Dove of a drug trafficking offense and possessing a firearm, thus satisfying the first two elements of § 924(c)(1).

The third element "is ultimately a factual" question, and "the fact finder is free to consider the numerous ways in which a firearm might further or advance drug trafficking." *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002). A jury may infer that a defendant acted "in furtherance" of a drug offense based on "the type of drug offense, the type of firearm, its proximity to drugs and drug profits, its accessibility, whether the firearm is illegally possessed, whether the firearm is stolen, whether the firearm is loaded, and the general circumstances surrounding the possession." *See Moody*, 2. F.4th at 192. The Fourth Circuit has recognized that "carrying a firearm during a drug trafficking crime will always seem to constitute possession in furtherance

---

[1] Under Federal Rule of Criminal Procedure 29, after a jury returns a guilty verdict, "the court may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c)(2). Acquittal is proper under Rule 29 if "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "A judgment of acquittal based on the insufficiency of evidence is a ruling by the court that as a matter of law the government's evidence is insufficient 'to establish factual guilt' on the charges in the indictment." *United States v. Alvarez*, 351 F.3d 126, 129 (4th Cir. 2003) (quoting *Smalls v. Pennsylvania*, 476 U.S. 140, 144 (1986)).

In considering the motion, a court must determine "whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." *United States v. MacCloskey*, 682 F.2d 468, 473 (4th Cir. 1982). Courts must consider (1) the elements of the offense charged and (2) the factual sufficiency of the evidence. *United States v. Alerre*, 430 F.3d 681, 692 n.13 (4th Cir. 2005).

because carrying a firearm always serves to protect the holder." *Lomax*, 218 F.3d at 413 (internal citations omitted).

Here, Dove admitted to possessing one thousand fentanyl pills disguised as oxycodone at the time of his arrest, and to earning a living by selling drugs. Like many other drug traffickers, Dove carried a handgun, which police found in his pants at the time of his arrest. The firearm was loaded, and Dove unlawfully possessed the firearm. The evidence, therefore, heavily favors a conviction under 18 U.S.C. § 924(c)(1).

Dove argues that the government failed to demonstrate a nexus between Dove's drug trafficking and firearm possession, and that the mere presence of a firearm during his arrest does not establish that he possessed the firearm "in furtherance" of drug trafficking. (ECF No. 111, at 4.) He cites *United States v. Elswick*, 306 Fed. App'x 8 (4th Cir. 2008), to argue that the police must actively observe a drug trafficking offense, and that the police in this case never saw him inside the Ford Explorer. *Elswick*, however, emphasized that the defendant did not act "in furtherance" because "[n]one of the government's witnesses could place [the defendant], the gun, and the drugs in the same chain of events." *Id.* at 14. But a chain of events exists in this case: police saw Dove standing immediately outside the door of a Ford Explorer with several other individuals, saw them all walk over to the restaurant together, arrested Dove minutes later with a loaded firearm on his person, then found a large quantity of drugs (which Dove later admitted to owning) during a subsequent search of the vehicle. Accordingly, sufficient evidence existed for a jury to convict Dove of possessing a firearm in furtherance of drug trafficking.

4

## III. CONCLUSION

The Court finds that, as a matter of law, the government presented sufficient evidence for the jury to convict Dove on Count Three. Accordingly, the Court will deny Dove's motion for acquittal.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 25 November 2025
Richmond, VA

/s/ 
John A. Gibney, Jr.
Senior United States District Judge